Filed 3/25/13  P. v. Flaata CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS RAY FLAATA,<br><br>  Defendant and Appellant. | 2d Crim. No. B239300<br>(Super. Ct. No. F466777)<br>(San Luis Obispo County) |

Douglas Ray Flaata appeals a judgment entered following his nolo contendere plea to one count of elder abuse, with an admission that his victim suffered great bodily injury.  (Pen. Code, § 368, subd. (b)(1), (2).)[1]  We conclude that the trial court properly awarded Flaata only 15 percent presentence conduct credit, and affirm.  (§§ 2933.1, 667.5, subd. (c)(8).)

*FACTS AND PROCEDURAL HISTORY*

On October 23, 2011, Flaata assaulted his longtime girlfriend E.W.  According to the probation report, Flaata choked E.W. into unconsciousness, tore "clumps" of hair from her head, hit her in the face, kicked her in the head, and struck her with a chair and his fist.  E.W. was airlifted to a hospital, where she spent two

_____

[1] All further statutory references are to the Penal Code unless stated otherwise.

days recovering from her injuries, including cracked ribs.  At the time, E.W. was 74 years old and had been assaulted by Flaata on prior occasions.

By felony complaint, the prosecutor charged Flaata with elder abuse (count 1), making criminal threats (count 2), and inflicting corporal injury upon a spouse or cohabitant (count 3).  (§§ 368, subd. (b)(1), 422, 273.5, subd. (a).)  The prosecutor also alleged that E.W. suffered great bodily injury, that Flaata personally inflicted great bodily injury upon E.W., and that Flaata served a prior prison term. (§§ 368, subd. (b)(2), 12022.7, 667.5, subd. (b).)[2]

On November 21, 2011, Flaata waived his constitutional rights and right to a preliminary examination, and pleaded nolo contendere to elder abuse (count 1), and admitted that E.W. suffered great bodily injury.  (§ 368, subd. (b)(1), (2).)  The plea agreement provided for a seven-year prison term and dismissal of the remaining counts with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, 758.  During the plea colloquy, the trial court advised Flaata that he was "entering a plea of no-contest to count 1 which requires the [district attorney] to prove that the crime is an act that you committed under circumstances likely to produce great bodily harm or death, that you inflicted some sort of pain, mental suffering on this person whose age is over 70 years."[3]  Flaata responded that he understood the charges to which he was pleading.

On January 30, 2012, the trial court sentenced Flaata to seven years imprisonment, including two years for elder abuse and five years for the great bodily injury allegation.  (§ 368, subd. (b)(1), (2)(B).)  The court imposed a $1,400 restitution fine, and a $1,400 parole revocation restitution fine (stayed).  (§§ 1202.4, subd. (b), 1202.45.)  It awarded Flaata 100 days of actual presentence custody credit

---

[2] References to section 12022.7 are to the version in effect prior to repeal effective January 1, 2012.

[3] The felony complaint charged that Flaata "knowingly and willfully cause[d] and permit[ted]" the victim to suffer "and inflicted thereon, unjustifiable physical pain and mental suffering."

and 15 days of conduct credit pursuant to section 2933.1, subdivision (a), which limits worktime credit for persons convicted of specified felonies. The court denied Flaata's motion to award conduct credit pursuant to section 4019, but granted his request for a certificate of probable cause regarding the issue.

Flaata appeals and contends that he is not subject to the 15 percent limitation on conduct credit pursuant to section 2933.1, subdivisions (a) and (c).

*DISCUSSION*

Flaata argues that section 2933.1 applies only to the 23 violent felonies enumerated in section 667.5, subdivision (c), and infliction of great bodily injury upon an elder person is not an enumerated felony. (§ 368, subd. (b)(1), (2).) He concedes that section 667.5, subdivision (c)(8) lists "[a]ny felony in which the defendant inflicts great bodily injury," but points out that the statute states that the allegation must be "charged and proved as provided for in Section 12022.7." Flaata contends that sections 2933.1 and 667.5, subdivision (c)(8) are clear and unambiguous, thus allowing him the increased conduct credits provided by section 4019, subdivision (f). (*People v. Wade* (2012) 204 Cal.App.4th 1142, 1149 ["'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist"'"].)

Flaata adds that section 368, subdivision (j) expressly permits prosecution pursuant to "both [section 368] and . . . [section] 12022.7," thus supporting his argument that the sections do not punish "necessarily identical offenses." He also argues that the section 368, subdivision (b)(2) enhancement does not require the *personal infliction* of great bodily injury, as does section 12022.7.

Section 2933.1, subdivision (a) provides: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." Section 2933.1 belongs to a group of statutes limiting or prohibiting

3

earning of presentence and postsentence credit for persons who are convicted of crimes and sentenced to prison. (*In re Pope* (2010) 50 Cal.4th 777, 781.)

Section 667.5, subdivision (c) does not expressly list elder abuse pursuant to section 368 as an enumerated offense. The catchall provision of section 667.5, subdivision (c)(8), however, includes as a violent offense "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . . ." Section 12022.7, subdivision (c) provides for a five-year enhancement (as does section 368, subdivision (b)(2)(B)) for "[a]ny person who personally inflicts great bodily injury on a person who is 70 years of age or older, other than an accomplice, in the commission of a felony or attempted felony . . . ."

The trial court properly limited Flaata's conduct credit because he pleaded nolo contendere to section 368, subdivision (b)(1) and (2), which, when read together, provide the necessary elements of section 12022.7. Section 368, subdivision (b)(1) punishes a person who "willfully causes . . . or inflicts" pain or suffering upon an elder person. The court advised Flaata that he was entering a nolo contendere plea admitting that he "inflicted some sort of pain, mental suffering" on an elder person. Flaata stated that he understood. He also admitted the five-year bodily injury enhancement of section 368, subdivision (b)(2)(B) that his victim "suffer[ed] great bodily injury." By his plea, Flaata admitted every element of the charged offense and its enhancement. (*Boykin v. Alabama* (1969) 395 U.S. 238, 242.) The "charged and proved" requirement of section 667.5, subdivision (c)(8) has been satisfied.

Well-established rules of statutory construction require that we determine the Legislature's intent in enacting a statute and adopt the construction that best effectuates the law's purpose. (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 199.) In so doing, we look to the statutory

4

language, giving the words their ordinary and usual meaning.  (*Ibid.*)  The Legislature's stated intent in punishing elder abuse is to accord "special consideration and protection" to crimes against elderly and dependent adults. (§ 368, subd. (a).)  Sections 368, subdivision (b)(2) and 12022.7, subdivision (c) each impose a five-year term for causing bodily injury to an elderly person. Application of a more lenient conduct credit to section 368 would not effectuate the stated legislative intent.

Flaata asserts that rejection of his argument results in any criminal offense that defines great bodily injury by reference to section 12022.7 becoming a violent felony pursuant to section 667.5, subdivision (c)(8), e.g., Welfare and Institutions Code section 14107, subdivision (d) (Medi-Cal fraud that causes great bodily injury).  Interpretation of that section is not before us.  More importantly, however, by his plea, Flaata admitted inflicting pain and suffering on E.W., causing her great bodily injury.

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, for Plaintiff and Respondent.